## UNITED STATES v. CASE.

(District Court, D. South Dakota. February 10, 1923.)

**Criminal law ⚫⇒394—Property lawfully seized under state law may be inadmissible in evidence in federal court.**

> Where a federal prohibition agent participated in a search made by state officers under a search warrant lawful under the state law, but which did not conform to the requirements of the federal law, the search, though directed by the state officers, was unlawful under the federal law, and evidence obtained thereby is not admissible against the owner of the premises in a federal court.

Criminal prosecution by the United States against Thomas A. Case. On motion by defendant to exclude evidence as having been obtained through unlawful search. Motion granted.

S. W. Clark, U. S. Atty., of Redfield, S. D., E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D., and P. J. Tscharner, Asst. U. S. Atty., of Rapid City, S. D.

E. W. Fiske and T. M. Bailey, both of Sioux Falls, S. D., for defendant.

ELLIOTT, District Judge. I have duly considered the application of the defendant, T. A. Case, in re United States v. T. A. Case, for an order denying the representatives of the United States the right to introduce in evidence, in any criminal proceedings instituted by the United States against said T. A. Case, the property described in the petition, or any knowledge or information acquired by reason of or during the alleged unlawful search and seizure described in the petition.

I note by an examination of the petition and the order heretofore issued that the question of returning the property named in the petition, to the defendant, is not here involved.

Pursuant to an order to show cause dated April 6, 1922, a hearing was had, and it satisfactorily appears as matters of fact that two deputy state sheriffs in and for the state of South Dakota, acting upon reports received by them that Case was manufacturing liquor, obtained a search warrant and went to his home and there entered and searched the same, presenting the search warrant theretofore issued, and thereupon seized the articles described in the petition; that Charles Bintliff, then the group chief or agent in charge of other agents in the state of South Dakota, appointed for the purpose of enforcing the National Prohibition Act (41 Stat. 305), having the same information as the state officers, went with them and assisted in the search of the premises. Mr. Bintliff testified in the hearing in the state court as follows: ·

"We (Wood Smith and Chas. Peters) had reports that Mr. Case was manufacturing liquor. We went to his place and Mr. Smith told Mr. Case that he was there to search the place, and after this conversation took place, I went into the house and into the basement and searched the basement. When I came up I found Mr. Smith coming out of the bedroom with this container of liquid, and then I went out of the house and went to the cyclone cellar, and found there 50-gallon barrel of prune mash. I found a lot of prunes· in it, and went

and got a bottle and helped Mr. Peters put it in that container. I put my initials on it (the container carried by Smith) in the sheriff's office in this county. I had my hydrometers with me. One of the hydrometers was broken and I had only my small one. It tested 45 per cent."

This testimony of Mr. Bintliff conclusively shows the part that he took in this search and seizure. The United States attorney urges that even in the light of this statement of Mr. Bintliff, he did not participate in, and take any part in, such search and seizure, under color of his office as a prohibition officer charged with the enforcement of the National Prohibition act in the state of South Dakota.

I confess that I am not prepared to go as far as some trial courts, and am not prepared to say that the mere fact that officers of the state and the government co-operate for the enforcement of the National Prohibition Statute, and that they consult and in a general way assist in the discovery of its violation, therefore such government officers are parties to every search and seizure made by state officers for violation of this statute because of their general knowledge and general co-operation. I do not think this should be the law. However, I have no doubt that under the statements of this officer above quoted, he did actually participate in this search and seizure; that he was a party to the taking of the evidence in question, and therefore the prosecution is not in a position to urge that it came to the hands of the officers of the law through a search and seizure made by the state officers alone, prior to the finding of the indictment in the federal court; and that the same was thereafter turned over to Charles Bintliff or to any other federal officer authorized to receive the same.

There is no doubt but that the state of South Dakota has a right to prescribe the evidence which is to be received in the courts of its own government, and articles 4 and 5 of the Amendments to the Constitution of the United States do not apply to actions in the state courts. It is admitted upon the arguments here that this search warrant was valid under the decisions of the Supreme Court of this state. It is clear, however, that the search warrant was not one complying with the provisions of the statutes of the United States, and the limitations of these provisions of the Constitution reach and control the federal government and its agencies. I am of the opinion, therefore, that there was such participation in this search and seizure by the said government officer as to bind the government, and prevent the use of the evidence thus obtained.

It is urged that because the search warrant is valid under the decisions of the state that the evidence was not obtained by unlawful means. That is true in state courts, and I am free to confess my respect for, and entire approval of, the Supreme Court of the state. However, such contention has no force when urged in a federal court, because a federal court is controlled by the limitations of the Constitution above referred to as construed by the Supreme Court of the United States. The effect of the Fourth Amendment is to put the court of the United States and federal officers under these limitations and restraints in the exercise of the power and authority imposed upon them, and thereby secure the citizenship of the country against all unreasonable searches

and seizures, and this protection reaches all alike, whether accused of crime or not. Weeks v U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

It follows from the foregoing that I am of the opinion that Chas. Bintliff was a party to the search and seizure without having obtained a proper search warrant under the provisions of the laws of the United States, and recognizing the constitutional rights of the defendant, the government will be prohibited from the use of the evidence thus obtained. I am of the opinion that the officer of the government could participate in such search and seizure only when armed with a proper search warrant procured under the provisions of the laws of the United States if the result of his discoveries are to be used as evidence against a defendant charged with crime.

I am unable to base my determination upon the answer to the question: Who directed the particular search and seizure? Was it state officers or the federal officer? It is urged that if the former, then the government has not participated. If, however, the search and seizure is directed by the federal officer, then the government is bound. This does not appeal to me, and I am inclined to the opinion that whenever officers of the government participate in a search and seizure, regardless of who directs the particular action, if the evidence thus obtained is to be used in a federal court, such officer must be fortified with the proper authority as above indicated.